PEOPLES TELEPHONE COMPANY OF BRYANT *v.* DOWNING ET AL.

[No. 16,535.    Filed April 16, 1940.]

*Malcolm V. Skinner,* for appellant.

*Jenkins & Hinkle,* for appellees.

DUDINE, J.—This is an appeal from an award of the Industrial Board which ordered appellant, Peoples Telephone Company, to pay appellee, Rhoda Downing, compensation as a partial dependent of her son, George Downing, now deceased.

The application for compensation was filed in behalf of appellee, Rhoda Downing, the mother, and in behalf of appellee, Jesse L. Downing, a brother, each as alleged dependents of said George Downing. The Industrial Board found that appellee, Jesse L. Downing, was not a dependent of said George Downing.

The Industrial Board found among other facts that on July 5, 1938, said George Downing was employed by appellant and that on said date he sustained an accidental injury arising out of and in the course of his employment which resulted immediately in his death; that said accidental injury consisted of the said George Downing receiving an electric shock while he was repairing a telephone wire.

Appellant has appealed from the award and has assigned as error that the award is contrary to law.

Appellant contends upon appeal that there is no evidence in the record which sustains the finding that decedent, George Downing, was an employee of appellant at the time of said accidental injury.

The evidence shows that on the date of the accident decedent was employed by one George Adams, Sr., and the employment consisted of removing oil pipe from certain real estate. The accident occurred while decedent was en route, in his employer's automobile, to his place of employment. His employer, and his employer's son were with him at the time. On that date the son was employed by appellant company and as such employee was engaged in stretching telephone wires across a state highway at a point along the route travelled by the decedent on his way to his work. There remained one more wire to be stretched across the highway. High tension wires were stretched along the highway and parallel therewith in this vicinity. When the party reached that point the automobile was stopped to permit the son to alight and resume his

work and decedent then said, "Let me help you put it up—I will show you how to tighten up the wires," referring to the wires which the son had stretched and was intending to stretch across the highway. Without any response from either of the other members of the party decedent climbed up a telephone pole and in a few moments he "slumped on his belt". Upon investigation it was ascertained that he had been electrocuted. The testimony does not expressly show what caused the shock which caused his death.

We have carefully read and considered all of the evidence and we find that there is no evidence in the record which, when considered together with all inferences favorable to the award that may be reasonably drawn therefrom, sustains the finding by the Industrial Board that decedent was employed by appellant company.

There being no evidence in the record which sustains said finding and said finding being essential to sustain the award, the award must be reversed. It would serve no good purpose to further discuss the evidence or to discuss other questions which are presented upon appeal.

The award of the Industrial Board is reversed.